UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CIRCUITO CERRADO, INC., as Broadcast
Licensee of the September 5, 2009, Honduras v.
Trinidad & Tobago Soccer Broadcast,

        Plaintiff,

   -against-

JOSE O. VELASQUEZ, Individually, and as
officer, director, shareholder and/or principal of
LV FOODS INC., d/b/a EL LIMENO
and LV FOODS INC., d/b/a EL LIMENO
RESTAURANT & BAR, a/k/a EL LIMENO,

        Defendants.

----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 21 2013 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 10-1220

(Wexler, J.)

APPEARANCES:

  LONSTEIN LAW OFFICE, P.C.
  BY: JULIE COHEN LONSTEIN, ESQ.
  Attorneys for Plaintiff
  80 North Main Street, P.O. Box 351
  Ellenville, New York 12428

  LONG TUMINELLO, LLP
  BY: JESSICA A. LEIS, ESQ.
  Attorneys for Defendants
  120 Fourth Avenue
  Bay Shore, New York 11706

WEXLER, District Judge:

  Before the Court is the Defendants' motion, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the default judgment entered against them on July 28, 2010, which awarded the Plaintiff $72,200.00 for Defendants' willful violations of the Communications Act of 1934, as

1

amended, 47 U.S.C. §§ 553 and 605. Plaintiff opposes the motion.

## BACKGROUND

Plaintiff Circuito Cerrado Inc. ("Plaintiff" or "Circuito Cerrado") commenced this action on March 15, 2010, alleging that Defendants LV Foods Inc. ("LV Foods"), doing business as El Limeno Restaurant & Bar ("El Limeno"), and its principal, Jose O. Velasquez ("Velasquez") (collectively, "Defendants"), willfully violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, when they unlawfully intercepted and transmitted, without permission from Plaintiff, the September 5, 2009 soccer game between Honduras and Trinidad & Tobago. (Compl. ¶¶ 15-19.) Personal service was effected on Velasquez at his home on April 2, 2010 and LV Foods was served via its authorized agent, the Secretary of State of the State of New York, on April 7, 2010. (Aff. of Service of Reginald Cadet dated Apr. 5, 2010; Aff. of Service of Diane Koehler dated Apr. 12, 2010.)

Neither Velasquez nor LV Foods answered or appeared in this action at any time. On May 24, 2010, Plaintiff moved for a default judgment. On June 22, 2010, the Clerk of the Court certified the default of both Defendants and on July 1, 2010, the Court entered a default judgment in favor of Plaintiff. On July 28, 2010, the Court entered a final default judgment against Defendants in the amount of $72,200.00. In 2011, Plaintiff commenced a separate action against Velasquez in New York State Supreme Court, Suffolk County, to recover on the default judgment. (Velasquez Aff. ¶ 6.)

More than seventeen months later, on January 4, 2012, former counsel for Defendants, Charles Moreno, filed a motion to vacate the default judgment. The Court denied the motion for

Defendants' failure to comply with the Court's rules regarding the requirement of a pre-motion conference and for filing the motion before it was fully briefed. The Court granted Defendants permission to proceed with the motion to vacate the default judgment and directed the parties to agree on a briefing schedule and to submit it for court approval. No briefing schedule or a motion to vacate the default judgment was received by the Court.

On May 6, 2013, almost three years after the default judgment against Defendants was entered, Defendants, through current counsel, sought leave to file a motion to vacate the default judgment. The Court granted Defendants' request for leave to file and Defendants submitted the within motion on June 28, 2013.

## DISCUSSION

I. <u>Legal Standard</u>

"Default judgments are generally disfavored as the law prefers decisions based on the merits." <u>Kauhsen v. Aventura Motors, Inc.</u>, No. 09-4114, 2010 U.S. Dist. LEXIS 55554, at *10 (E.D.N.Y. June 7, 2010) (citing <u>United States v. Cirami</u>, 563 F.2d 26, 33 (2d Cir. 1977)). Accordingly, a default judgment may be vacated in certain circumstances, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See <u>Kauhsen</u>, 2010 U.S. Dist. LEXIS 55554, at *10-11. A decision whether to vacate a default judgment is left to the sound discretion of the district court. See <u>id.</u> at *11 (citing <u>New York v. Green</u>, 420 F.3d 99, 104 (2d Cir. 2005)).

Under Rule 60(b), there are six subsections that may provide a party with relief from a default judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is

3

void; (5) the judgment has been satisfied, released or discharged; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d cir. 2009) (quotations, alterations and citations omitted). For this reason, "[r]elief under Rule 60(b) is generally not favored." Insurance Co. of N. Am. v. Public Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (quotations and citation omitted).

The burden of demonstrating entitlement to relief under Rule 60(b) rests with the moving party. See Williams v. New York City Dep't of Corr., 219 F.R.D. 78, 84 (S.D.N.Y. 2003). In order to meet this burden, the moving party must put forth "highly convincing" evidence, must "show good cause for the failure to act sooner," and there must not be any "undue hardship . . . imposed on other parties." Kotlicky v. United States Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). "An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief . . ., nor does the failure to interpose a defense that could have been presented earlier . . . ." Paddington Ptrs. v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994) (citations omitted).

In determining whether to set aside a default judgment, the district court should weigh the following factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is present." Arista Records, Inc. v. Musemeci, No. 03 CV 4465, 2007 U.S. Dist. LEXIS 81630, at *11 (E.D.N.Y. Sept. 18, 2007) (quoting Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)) (additional quotation omitted); see also Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *12 (same).

4

"Of these three criteria, 'willfulness is preeminent, and a willful default will not normally be set aside.'" Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quoting MacEwen Petroleum, Inc. v. Tarbell, 173 F.R.D. 36, 39 (N.D.N.Y. 1997)).

II     Defendants' Grounds for Vacatur

Defendants assert two grounds for vacatur here: (1) that the judgment is void for want of personal jurisdiction due to improper service, pursuant to Federal Rule of Civil Procedure 60(b)(4), and (2) that Defendants' default occurred through no fault of their own, but rather was the result of neglect by their former attorney, Charles Moreno. Defendants assert that such gross neglect permits the Court to vacate the default judgment under Federal Rule of Civil Procedure 60(b)(6).

    A.     Rule 60(b)(4)

A court may set aside a judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) where the judgment is void. Fed. R. Civ. P. 60(b)(4). "If a court enters a judgment by default in the absence of personal jurisdiction, the judgment is void within the meaning of Rule 60(b)(4)." Ahn v. Inkwell Publ'g Solutions, Inc., No. 10 Civ. 8726, 2013 U.S. Dist. LEXIS 86706, at *7 (S.D.N.Y. June 18, 2013) (citation and quotation marks omitted).

Defendants argue that the default judgment is void here because they were never properly served with the Summons and Complaint. However, the affidavits of service filed with the Court state that Defendant Velasquez was personally served at his home on April 2, 2010 and that LV Foods was served through its registered agent, the Secretary of State of the State of New York,

5

on April 7, 2010.[1] "[A] process server's affidavit establishes a prima facie case of the account of the method of service," and, absent facts to the contrary, it is "presume[d] that [defendants were] properly served." Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2001) (citation omitted).

While Velasquez states in his affidavit that he was "never properly served with notice of this action," (Velasquez Aff. ¶ 11), Defendants have offered no evidence to dispute the veracity of the affidavits of service. Rather, Defendants assert that since they have raised "questions of improper service," the Court should conduct an evidentiary hearing prior to determining the motion to vacate judgment. (Def. Mem. of Law 4.) This appears to be nothing more than a belated attempt by Defendants to have the Court now hear their side of the story after failing to appear while the action was pending and after judgment has already been entered. The Court does not deem such an evidentiary hearing necessary.

The Court finds service to be proper here and Defendants' motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) is denied.

B.   Rule 60(b)(6)

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a "catch-all provision," which "allows courts

---

[1] Rule 4(h)(1) of the Federal Rules of Civil Procedure allows service to be effected on a corporation by "delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "New York law permits service based on delivery of the summons and complaint to the New York Secretary of State as an agent of the corporation." Trustees of the Local 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 275 (E.D.N.Y. 2010) (citing N.Y. Bus. Corp. Law § 306(b)(1)).

to vacate judgments whenever necessary to accomplish justice . . . ." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009). While this provision of the Rule is considered a "'grand reservoir of equitable power to do justice in a particular case,' . . . that reservoir is not bottomless." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)). A party seeking relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant relief." Stevens, 676 F.3d at 67 (internal quotations and citations omitted).

Defendants assert that the Court should vacate the default judgment under Rule 60(b)(6) based on the alleged gross neglect of their former counsel, Charles Moreno. According to Defendant Velasquez, he "had all intentions of defending this matter and . . . was led to believe that [Moreno] was properly defending the case." (Velasquez Aff. ¶ 3.) Velasquez further asserts that it was not until he retained his current counsel that he learned that Moreno had never filed a motion to vacate the default judgment on his behalf. (Id. ¶ 9.)

However, Velasquez was served with the Summons and Complaint in April 2010. By his own affidavit, Velasquez admits that he began receiving legal documents in the mail and was aware of this action in early 2010. (Id. ¶ 5.) Yet, Velasquez did not seek to retain counsel until July 22, 2010, after the default judgment was entered against him and LV Foods. (Id.) The entire time this action was pending, Velasquez failed to appear or defend himself in any way, thereby willfully defaulting.

Willfulness encompasses conduct that is "deliberate or egregious or is carried out in bad faith." Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *12 (quoting Hernandez v. La Cazuela de Mari Rest., Inc., 538 F. Supp. 2d 528, 532 (E.D.N.Y. 2007)) (additional citation omitted). "A

7

default is deemed willful where a defendant simply ignores the complaint without action," Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quotation omitted), and also includes "conduct that is 'not satisfactorily explained.'" Kauhsen, 2010 U.S. Dist. LEXIS 55554, at *13 (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)). Accordingly, "where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the court, such neglect is inexcusable." Arista Records, 2007 U.S. Dist. LEXIS 81630, at *12 (quotation omitted).

Here, Defendants were properly served in April 2010 and failed to appear. Plaintiff moved for a default judgment in May 2010, to which Defendants failed to respond. Only after the default judgment was entered did Defendants seek to retain counsel and it was not until after his assets began being seized to satisfy the judgment that Velasquez sought to retain current counsel. Such willful default does not entitle Defendants to relief under Federal Rule of Civil Procedure 60(b)(6).

Moreover, "although Rule 60(b)(6) has no definite statute of limitations, a motion made pursuant to that section 'must be made within a reasonable time' after the date of the judgment being challenged.'" Rodriguez v. Kuhlman, No. 98 Civ. 0063, 2013 U.S. Dist. LEXIS 129117, at *9 (S.D.N.Y. July 10, 2013) (quoting Fed. R. Civ. P. 60(c)). The Second Circuit has held that a delay of more than one year is considered unreasonable. See Rodriguez, 2013 U.S. Dist. LEXIS 129117, at *10 (collecting cases). In addition, the Supreme Court has instructed that in order to justify relief under Rule 60(b)(6), the party seeking such relief must demonstrate that it is "faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993).

Here, the final default judgment was entered on July 28, 2010 and Defendants did not move for vacatur until January 2012, more than seventeen months later. When that motion was denied for failure to comply with the Court's rules and leave to file a new motion was granted, Defendants did not renew their motion until another seventeen months later. Such delays are unreasonable under Federal Rule of Civil Procedure 60(b)(6). Moreover, Defendants are at least partly to blame for the delay in seeking relief as they failed to appear or even attempt to defend themselves until after the default judgment was entered. Accordingly, Defendants motion to vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to vacate the default judgment is denied. The Clerk of the Court is directed to terminate the motion docketed under docket entry number 15.

SO ORDERED:

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 21, 2013

9